# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D21-1435
_____

ERIC DEMOND PARRISH,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Thomas V. Dannheisser, Judge.

September 28, 2022

WINOKUR, J.

Eric Demond Parrish appeals his sentence, raising two issues. As to the issue regarding his eligibility for sentence review, we affirm. As to the issue of the court's refusal to impose a departure sentence, we dismiss under the authority of *Wilson v. State*, 306 So. 3d 1267 (Fla. 1st DCA 2020), *rev. granted*, No. SC20-1870, 2021 WL 1157838 (Fla. Mar. 26, 2021).

I

The State charged Parrish with three counts: sexual battery with force on his fifty-three-year-old foster mother; battery on his foster mother; and false imprisonment of his foster mother.

Parrish was sixteen years old at the time of the offenses. A jury found Parrish guilty on all counts.

At sentencing, Parrish presented evidence to support a downward departure sentence on the ground that he requires specialized treatment for a disorder. *See* § 921.0026(2)(d), Fla. Stat.[1] The State opposed a departure sentence, noting Parrish's extensive criminal history, the escalating nature of his criminal conduct, and his high risk of reoffending.

Before pronouncing sentence, the trial court asked the parties whether Parrish's sentence should be subject to judicial review after twenty years, pursuant to section 921.1402(2)(d), Florida Statutes. Parrish's counsel indicated that she did not think his offense qualified for a sentence review. The court then imposed sentence. The court rejected Parrish's request for a downward departure, noting that regardless of whether Parrish qualified for a departure, this was not a case where such departure would be appropriate. The court sentenced him to thirty years in prison on the sexual battery count, five years concurrent on the false imprisonment count, and time served on the battery count. The court did not mention whether or when Parrish would be entitled to a sentence review, nor did it indicate anything about a sentence review in the written sentence.

Following appeal, Parrish filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). Parrish argued in his motion that because he was under eighteen years old when he committed sexual battery, because sexual battery is a life felony, and because he was sentenced to more than twenty years imprisonment, that he is eligible for judicial review after twenty years under section 921.1402(2)(d). The trial court did not issue an order on this motion within sixty days, so it is deemed denied. Fla. R. Crim. P. 3.800(b)(2)(B).

---

[1] Parrish also argued that he should be sentenced as a youthful offender, but the State correctly responded that Parrish was not eligible for a youthful offender sentence because he was convicted of a life felony. *See* § 958.04(1)(c), Fla. Stat.

Regarding the motion to correct sentencing error, it appears to us that Parrish does meet the requirements of section 921.1402(2)(d), which entitles him to a review of his sentence after twenty years. However, we see no requirement that the court, when sentencing an offender, is required to pronounce the offender's entitlement to a sentence review pursuant to section 921.1402(2)(d). Nor is the sentencing court required to indicate these facts on the sentencing order.[2,3]

Rather, section 921.1402(3) places the requirement to notify Parrish of his eligibility for a sentence review on the Department of Corrections: "The Department of Corrections shall notify a juvenile offender of his or her eligibility to request a sentence review hearing 18 months before the juvenile offender is entitled to a sentence review hearing under this section." And section 921.1402(4) places the burden of seeking judicial review on the offender once notified: "A juvenile offender seeking sentence review pursuant to subsection (2) must submit an application to the court of original jurisdiction requesting that a sentence review hearing be held." The sentencing court's responsibility, on the other hand, is set forth in section 921.1402(6) and is triggered upon receiving an application for judicial review: "Upon receiving an

---

[2] This would not be the case for an offender convicted of murder, under section 782.04, Florida Statutes, committed before the age of eighteen. For such offenders, the court is required to make written findings indicating whether the offender actually killed, intended to kill, or attempted to kill the victim. This finding determines the length of time before the offender is eligible for a sentence review. *See* §§ 775.082(1)(b)3., (3)(a)5.c., (3)(b)2.c.; 921.1402(2)(a)–(c), Fla. Stat. No such finding is required for offenders convicted of any crime other than murder. *See* §§ 775.082(3)(c), 921.1402(2)(d), Fla. Stat.; *see also* Fla. R. Crim. P. 3.781(c)(1).

[3] We reject the State's argument that Parrish "waived" or "invited" any error regarding this issue by his failure to assert that he was entitled to a sentence review at the sentencing hearing.

application from an eligible juvenile offender, the court of original sentencing jurisdiction shall hold a sentence review hearing to determine whether the juvenile offender's sentence should be modified."

Because the trial court had no affirmative duty under section 921.1402 to notify Parrish at sentencing of his eligibility for judicial review, Parrish has not established a sentencing error that the court was required to correct.

### III

Regarding Parrish's claim that the court erred in refusing to impose a departure sentence, this Court has held that it lacks authority to review a sentencing court's decision not to grant a departure sentence. *See Wilson*, 306 So. 3d at 1273. Accordingly, we dismiss this portion of Parrish's appeal.

AFFIRMED in part; DISMISSED in part.

LONG, J., concurs; BILBREY, J., concurs with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

BILBREY, J., concurring.

I concur in the majority decision. I agree that Appellant is entitled to a sentence review after twenty years. *See* §§ 775.082(3)(c), 921.1402(2)(d), Fla. Stat. (2019). However, since he was convicted of an offense other than murder or felony murder under section 782.04, Florida Statutes, there is no statutory requirement for written findings on his eligibility for a sentence

review. *Compare* § 775.082(1)(b)3., (3)(a)5.c., (3)(b)2.c. *with* § 775.082(3)(c).[*]

Nonetheless, for juvenile offenders eligible for a sentence review of sentences for nonhomicide offenses, I urge circuit judges to pronounce eligibility at sentencing and include such eligibility in the commitment documents provided to the Department of Corrections. The Department must notify juvenile offenders of their eligibility for a sentence review eighteen months before entitlement. § 921.1402(3), Fla. Stat. But given that the eligibility for a sentence review for nonhomicide juvenile offenders is to occur after they serve twenty years, it seems the Department is more likely to overlook its obligation if it is not in writing.

Additionally, juvenile offenders may be more likely to undertake rehabilitation, express remorse, and complete education and training programs while in prison if they know of the possibility of a reduced sentence in the future. *See* § 921.1402(6)(a), (6)(e), (6)(g) (listing certain factors to be considered during a sentence review hearing). While knowing that they have the prospect of a reduced sentence at the start of their

---

[*] Since Appellant faced the prospect of a life sentence, rule 3.781, Florida Rules of Criminal Procedure, generally applied to him. *See* Fla. R. Crim. P. 3.781(a). But the rule did not require written findings of sentence review eligibility for Appellant. The second sentence of rule 3.781(c)(1) states, "The court shall make written findings as to whether the juvenile offender is eligible for a sentence review hearing under sections 921.1402(2)(a), 2(b), or 2(c), Florida Statutes, based on whether the defendant killed, attempted to kill, or intended to kill the victim." Those three subsections of section 921.1402 cross reference subsections of section 775.082 which concern only juvenile offenders who commit murder or felony murder of varying degrees. Section 921.1402(2)(d), not mentioned in the rule, cross references section 782.082(3)(c) which applies to a juvenile offender like Appellant who commits a nonhomicide life felony or first degree felony punishable by life. Section 782.082(3)(c) does not require written findings.

5

incarceration benefits the juvenile offenders, it also benefits the Department if the knowledge results in better-behaved prisoners. *See* A. Mitchell Polinsky, DETERRENCE AND THE OPTIMALITY OF REWARDING PRISONERS FOR GOOD BEHAVIOR, 44 Int'l Rev. of Law and Econ. 1 (2015). Ultimately, it is the citizens of Florida who benefit if a juvenile offender is rehabilitated and becomes a productive member of society. *See* § 921.002(1)(b), Fla. Stat. (stating that rehabilitation is "a desired goal of the criminal justice system"). A circuit judge pronouncing eligibility for sentence review for juvenile offenders increases the prospect of this occurring.

_____

Jessica J. Yeary, Public Defender, and Justin F. Karpf, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.